James E. Till (State Bar No. 200464)
BOSLEY TILL LLP
120 Newport Center Drive
Newport Beach, CA 92660
Telephone: (949) 999-2862
E-Mail: jtill@btntlaw.com

Counsel for Reorganized Debtor,
Terry Lee Fleming, Sr.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| | |
|---|---|
| In re<br><br>TERRY LEE FLEMING, SR.,<br><br>    Debtor and Debtor-in-Possession. | Case No.: 6:17-bk-19513-MW<br><br>Chapter 11<br><br>**SECOND AND FINAL APPLICATION OF BOSLEY TILL LLP, COUNSEL TO CHAPTER 11 DEBTOR AND DEBTOR-IN-POSSESSION, FOR COMPENSATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**<u>Hearing Date and Time:</u>**<br>Date:  August 20, 2019<br>Time:  2:00 p.m.<br>Place:  Video Hearing Room 225<br>        3420 Twelfth Street<br>        Riverside, California 92501<br><br>Or      Courtroom 6C<br>        411 W. Fourth Street<br>        Santa Ana, CA 90701 |

# SUMMARY OF FEES AND COSTS REQUESTED BY APPLICANT

| | |
|---|---|
| Application Period | 9/1/18 – 7/9/19 |
| Total Hours Billed | 634.1 (of which 47 hours were voluntarily written-off) |
| Total Fees Billed | $290,557.25 (after deduction of $27,785.00 in written-off fees) |
| Total Costs Billed | $26,959.99 |
| Total Request | $317,517.24 |
| Blended Hourly Rate | $458.22 |
| Amount Received During Application Period | $0 |
| Total Amount Outstanding | $317,517.24 |
| Total Amount Authorized and Paid Pursuant to First Interim Application and Order Thereon | $367,480.99 |
| Retainer balance | $0.00 |
| Date of Entry of Employment Order | February 8, 2018 (Docket No. 79) |
| Employment Effective Date | November 15, 2017 |

**TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

Pursuant to the provisions of 11 U.S.C. § 330, Bosley Till LLP ("<u>Applicant</u>"), counsel for Reorganized Debtor, Terry Lee Fleming, Sr. ("<u>Debtor</u>" or "<u>Reorganized Debtor</u>"), hereby respectfully applies to this Court for its second and final award of fees for professional services rendered on behalf of Debtor.

By this Application, Applicant seeks an order of this Court awarding compensation for professional services rendered to Debtor for the time period from September 1, 2018 through and including July 9, 2019, the Plan's Effective Date (the "<u>Application Period</u>"). Applicant is requesting fees for services rendered and reimbursement of costs during the Application Period in the total amount of $317,517.24.

In support of this Application, Applicant represents as follows:

In 2003, and with the intent to supplement his retirement, Mr. Fleming invested approximately $750,000 in a real estate project called Vista Del Lago in Lake Havasu, California, involving an entity by the name of Havasu Lakeshore Investments, LLC ("HLI"). Six years later, what was intended to supplement his retirement, began to become a nightmare. In 2009, Vista Del Lago was headed toward bankruptcy, and it was anticipated that the equity investors, which included Mr. Fleming, would lose their investments. Through what can only now be seen as a series of bad choices, as is often the case with hindsight, Mr. Fleming essentially saved the project, including purportedly releasing one of the guarantors, Mr. Peloquin, who now controls HLI. In an ironic series of events that followed Mr. Fleming's purported release of Mr. Peloquin and his affiliates in connection with their multi-million liabilities and/or personal guaranties, and in the vein of "no good deed goes unpunished," Mr. Fleming has been embroiled ever since in a number of legal proceedings involving numerous parties, including an approximately $5.1 million judgment against Mr. Fleming personally by HLI. It is these numerous legal proceedings, as well as the judgment of HLI and its onslaught of collection efforts, that forced Mr. Fleming to seek

relief under chapter 11. Debtor filed a Plan of Reorganization (a Second Amended Plan) in order to restructure and repay his obligations to Creditors. On April 25 and 26, 2019, the Court held hearings on confirmation of the Second Amended Plan, after which the Court confirmed Debtor's Plan. The Order Confirming Debtor's Second Amended Plan was entered on June 24, 2019.

On December 18, 2017, this Court entered its order authorizing Applicant's employment as reorganization counsel to Debtor (the "Employment Order"), effective November 15, 2017.

Applicant continually performed those legal services necessary to represent Debtor in this chapter 11 case.

**WHEREFORE**, Applicant requests that this Court enter an order as follows:

1. Awarding to Applicant compensation for the Application Period, on an final basis, in the amount of $317,517.24 which consists of compensation for professional services rendered and reimbursement of expenses during the Application Period;

2. Directing Debtor to pay to Applicant the outstanding balance of fees owed to Applicant for the Application Period in the amount of $317,517.24;

3. Approving on a final basis the fees and expenses previously approved by the Court in Applicant's first interim fee application; and

4. Granting to Applicant such other and further relief as the Court may deem just and proper under the circumstances of this case.

DATED: July 30, 2019                BOSLEY TILL LLP


By:  /s/ James E. Till
        James E. Till
Counsel for Reorganized Debtor,
Terry Lee Fleming, Sr.

- 3 -

SECOND AND FINAL
APPLICATION OF BOSLEY TILL LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is Applicant's second and final fee application in this case. Applicant's first interim fee application was approved by an order entered on January 8, 2019. All of the fees and costs approved by the Court in the first interim fee application have been paid by Debtor. Applicant is reorganization counsel to Debtor and has provided services to or on behalf of Debtor in connection with the administration of its chapter 11 case, and the successful confirmation of his chapter 11 plan, during the Application Period. Applicant submits that the quality of services provided, the reasonableness of the fees requested and the results achieved in this case thus far warrant the allowance of the amounts requested.

## II. FACTUAL BACKGROUND

**A.  Background of Debtor**

Debtor is a 76-year old individual residing in La Quinta, California, who has historically lived a modest lifestyle and has tried to pay his obligations as they came due and avoid material debt obligations. Debtor has undergone treatment for numerous medical ailments in recent years, including cancer. A devoted father to his four children and seven grandchildren, Debtor had retired in 2004, a successful entrepreneur of Fleming Engineering, Inc., the business he created in 1976 when he sought to create a better lifestyle for his wife and four children than what he had experienced growing up in a small Midwestern farm town.

Shortly before his retirement in 2003, and with the intent to supplement his retirement so as to never become a financial burden either to his children or anyone else, Debtor invested approximately $750,000 in a real estate project called Vista Del Lago in Lake Havasu, California, involving HLI.

Six years later, what was intended to supplement his retirement, began to become a nightmare. In 2009, Vista Del Lago was headed toward bankruptcy, and it was anticipated that the equity investors, which included Debtor, would lose their investments. Through what can only

now be seen as a series of bad choices, as is often the case with hindsight, Debtor essentially bailed out the project, including one of the guarantors, Mr. Peloquin, who controls HLI.

Following Debtor's purported release of Mr. Peloquin and his affiliates in connection with their multi-million dollar liabilities and/or personal guaranties, Debtor has been embroiled ever since in a number of legal proceedings involving numerous parties, including a very large judgment against Debtor personally by HLI. It is these numerous legal proceedings, as well as the judgment of HLI and its onslaught of collection efforts, that forced Debtor to seek relief under chapter 11.

On November 15, 2017, Debtor filed a voluntary chapter 11 petition.

**B.    Plan Process and Confirmation of Plan of Reorganization**

On June 13, 2018, Debtor filed his First Amended Plan of Reorganization. By an order entered on August 21, 2018, the Court denied approval of Debtor's initial disclosure statement with respect to the First Amended Plan (without prejudice), and suggested some areas in which Debtor could improve the plan structure. Thereafter, Debtor filed a Second Amended Plan and an Amended Disclosure Statement with respect to the Second Amended Plan, which significantly improved the treatment of HLI and addressed the Court's concerns with respect to the initial plan. In November 2018, the Court entered an order approving the Disclosure Statement with respect to Debtor's Second Amended Plan. Debtor's Second Amended Plan provides for repayment of creditor claims in full over time, including full repayment of HLI's claim. A contested plan confirmation trial took place on April 25, 26 and 30, 2019, with respect to the Second Amended Plan. Following the hearings, the Court confirmed Debtor's Second Amended Plan by an order entered on June 24, 2019. The Plan's Effective Date occurred on July 9, 2019.

**C.    Background of Applicant**

Applicant specializes in bankruptcy and focuses its practice to the areas of insolvency, reorganization, bankruptcy law and related litigation. Applicant's professionals are duly licensed

to practice in the courts of the State of California and various United States District Courts, including the Central District of California.

Attached to the Till Declaration filed concurrently herewith as Exhibit "1" are biographies of Applicant's professionals who rendered services to Debtor during the Application Period, which describe the professionals' education, qualification, and work experience. The biographies address the information required by Rule 2016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2016-2. A summary setting forth the rates for each attorney and paraprofessional who rendered services to Debtor is attached to the Till Declaration as Exhibit "2." These rates are reasonable, consistent with the fees charged by similarly experienced attorneys in this area.

Other than as between the partners of Applicant, no agreement or understanding of any kind exists between Applicant and any other person for the sharing of compensation received or to be received by Applicant for services rendered to Debtor in connection with this case.

**D.      Significant Events Requiring Applicant's Attention During this Application Period**

The bulk of Applicant's time during the Application Period was spent on matters which are classified for billing purposes in the following categories. Details of each of the time entries, sorted by billing category, are attached to the Till Declaration as Exhibit "3."

**1.      Asset Analysis and Recovery**

In this billing category, Applicant spent the majority of time researching potential avoidance actions and preparing an equitable subordination complaint.

**2.      Case Administration; Business Operations**

In these billing categories, Applicant worked closely with Debtor to ensure Debtor's ongoing compliance with the requirements of the U.S. Trustee. Applicant has also monitored and assisted Debtor with the U.S. Trustee monthly operating reports throughout the case, and reviewed and assisted with the preparation of operating cash flow statements.

Throughout Debtor's case, Applicant has continued to update the mailing matrix to ensure that all creditors receive adequate notice in this chapter 11 case.

Also included in this category are numerous procedural issues, such as obtaining hearing dates from the Court, reviewing the docket, addressing issues raised by the U.S. Trustee, and preparing documents to be filed with the Court such as proposed orders.

In addition, Applicant assisted Debtor with business-related issues, including security deposits pertaining to leased property.

**3. Cash Collateral**

In this billing category, Applicant revised and finalized pleadings in connection with an opposition to HLI's adequate protection motion.

**4. Fee/Employment Applications; Fee/Employment Objections**

In accordance with the provisions of the Employment Order, Applicant prepared and filed monthly Professional Fee Statements in this case.

Applicant prepared and filed its first interim fee application, supporting documentation, briefing in connection with approval of the application, and appeared at the hearing on the application.

**5. Lien Avoidance; Litigation**

Applicant revised and finalized a lien avoidance complaint relating to the validity of judgment liens asserted by secured creditor HLI.  Applicant worked to prepare an opposition to a motion filed by HLI to dismiss the subordination complaint.

Applicant also monitored the status of pending state court litigation and the status of appeals pending in the state court action.  In addition, Applicant participated in a mediation of disputes with HLI (which was not successful in resolving the matters).

Applicant participated in discovery related to the pending adversaries, including attending and defending depositions of witnesses, responses to written discovery demands, and review of documents being produced.

**6.    Plan and Disclosure Statement**

A significant amount of time was spent in connection with the re-formulation of Debtor's plan and disclosure statement in order to address the concerns of creditors and the Court.

Applicant prepared and filed an amended plan and disclosure statement, the supporting documentation, a motion for approval of the disclosure statement, and went through several rounds of briefing in connection with the approval process.  Applicant sought extensions of the plan exclusivity periods, in order to facilitate the amended plan and disclosure statement approvals, including preparing the motion and reply documents.  Among other things, Applicant prepared revised versions of the plan and disclosure statement, prepared supporting declarations, notices, and other exhibits, and provided input on formulation of the plan structure, valuation issues, and projections.  Applicant also prepared replies and related supporting documents in response to oppositions filed by HLI.

Applicant dedicated extensive efforts in connection with the contested plan confirmation process, including assisting with the preparation and submission of valuation testimony, preparation for the plan trial, preparation of witness lists and testimony, and preparation of confirmation briefing.

**7.    Tax Issues**

In this billing category, Applicant addressed issues related to an IRS tax claim.

**8.    Expenses**

A schedule of the reimbursable expenses sought by this Application is attached as Exhibit "4" to the Till Declaration.

**III.    APPLICANT HAS COMPLIED WITH THE REQUIREMENTS OF RULE 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, LOCAL BANKRUPTCY RULE 2016-1 AND THE UNITED STATES TRUSTEE GUIDES**

Rule 2016 of the Federal Rules of Bankruptcy Procedure states, in pertinent part, as follows:

        (a)    Application for Compensation or Reimbursement. An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to Applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between Applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case . . . .

This Application and the Till Declaration in support thereof sets forth all information required by Rule 2016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2016-1, including a narrative summarizing the services provided by Applicant on behalf of Debtor.

## IV. THE BANKRUPTCY CODE PROVIDES FOR THE ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT FOR EXPENSES

Section 330 of the Bankruptcy Code authorizes the allowance of compensation and reimbursement of expenses. Section 330 of the Bankruptcy Code provides that a bankruptcy court may award to the debtor's or a committee's attorney reasonable compensation for actual, necessary services rendered by the attorney, based on the time, the nature, the extent and the value of such services, and the cost of comparable services to a non-debtor, as well as reimbursement of the actual, necessary expenses expended by the attorney on behalf of the debtor. Section 330 provides, in part, as follows:

(a)(1)  [T]he court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --

    (A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person  employed by any such person; and

    (B)  reimbursement for actual, necessary expenses.

* * *

(3)(A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

    (A)  the time spent on such services;

    (B)  the rates charged for such services;

    (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    (E)  whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

    As set forth herein and in the Till Declaration, Applicant's detailed time records establish that the requested fees were reasonable and necessary under the circumstances of

this case and the results achieved and therefore satisfy the requirements of section 330 of the Bankruptcy Code.

## V. CONCLUSION

Based upon the time spent by Applicant, the results obtained, the experience of Applicant, as well as the fact that Applicant's fees and costs are comparable to those charged by similar law firms, Applicant hereby requests that the Court, on a final basis, approve this Application for payment of fees as requested. Applicant also seeks approval, on a final basis, of the fees approved in Applicant's first interim fee application.

DATED: July 30, 2019                    BOSLEY TILL LLP


By:  /s/ James E. Till
    James E. Till
    Counsel for Reorganized Debtor,
    Terry Lee Fleming, Sr.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
120 Newport Center Dr., Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **SECOND AND FINAL APPLICATION OF BOSLEY TILL LLP, COUNSEL TO CHAPTER 11 DEBTOR AND DEBTOR-IN-POSSESSION, FOR COMPENSATION; MEMORANDUM OF POINTS AND AUTHORITIES**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 30, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

US Trustee's Office:  ustpregion16.rs.ecf@usdoj.gov; abram.s.feuerstein@usdoj.gov; Everett.l.green@usdoj.gov
Attorneys for Debtor:  James E. Till:  jtill@btntlaw.com; maraki@btntlaw.com
Attorneys for Havasu Lakeshore Investments:  Martin A. Eliopulos:  elio@higgslaw.com; kimbled@higgslaw.com
Attorneys for Terry Lee Fleming, Jr. and Havasu Landing LLC:  Michael B. Reynolds:  mreynolds@swlaw.com; kcollins@swlaw.com
Attorneys for Riverside County Treasurer-Tax Collector:  Ronak N. Patel:  rpatel@rivco.org; dresparza@rivco.org; mdominguez@rivco.org

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) July 30, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Terry Lee Fleming, Sr.
78980 Carmel Circle
La Quinta, CA 92253

Abram S. Feuerstein
Office of the United States Trustee
3801 University Avenue, Suite 720
Riverside, CA 92501

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 30, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Mark S. Wallace         Via Overnight Delivery
United States Bankruptcy Court
411 West Fourth Street, Suite 6135
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 30, 2019 | Martha Araki | /s/ Martha Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**